UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **Natisha L. Rachal** <br> **on behalf of her minor son** <br> **Troy Austin Rachal,** <br> **and Benjamin and Judy Pate** <br> **on behalf of their minor son** <br> **Brady Lynn Pate** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **DISTRICT JUDGE** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come NATISHA L. RACHAL on behalf of her minor son TROY AUSTIN RACHAL, and BENJAMIN and JUDY PATE on behalf of their minor son BRADY LYNN PATE, all residents of and domiciled in Smith County, Texas, and with respect represent:

1.

Jurisdiction is proper in this court because this action is brought under the Federal Tort Claims Act, 28 U.S.C. §1346(b) seeking damages for personal injury and wrongful death, in accordance with the provisions of both Arkansas law (Ark. Code Ann. §16-62-102, et al.) and Texas law, caused by the negligence and fault of the United States of America and

its agencies, the U.S. Forest Service and the National Oceanic and Atmospheric Administration/National Weather Service, and their representatives.

2.

Venue is proper in this court under the provisions of 28 U.S.C. §1402(b), since this is a tort claim against the United States under §1346(b) and the plaintiffs all reside in this district.

3.

Natisha L. Rachal is the mother of Troy Austin Rachal, who was born out of wedlock in Shreveport, Louisiana on November 22, 1996, and was properly and formally acknowledged by Anthony Keith Smith (now deceased) as his son by Notarial Act executed on April 20, 2001 and filed into the records of the 11th Judicial District Court in and for DeSoto Parish, Louisiana on May 3, 2001. Accordingly, Natisha L. Rachal is entitled to proceed as "next friend" of her minor son in this action under the Texas Rules of Civil Procedure.

4.

Benjamin Ladd Pate and Judy Brinkley Pate, husband and wife, are the parents of Brady Lynn Pate, who was born in Tyler, Texas on July 19, 1995, during their marriage, and are accordingly entitled to proceed as "next friend" of their minor son in this action under the Texas Rules of Civil Procedure.

5.

On or about May 26, 2011, plaintiffs each submitted the properly stated administrative claim by Standard Form 95 to both the U.S. Department of Agriculture/U.S. Forest Service and the National Oceanic and Atmospheric Administration/National Weather Service by certified mail, return receipt requested. The claims were received by each agency on or about June 1, 2011. The claims have been acknowledged but not resolved. More than 6 months have thus passed without a final disposition and plaintiffs may elect to proceed to Court pursuant to 28 U.S.C. §2675(a).

6.

The Albert Pike Recreation Area ("the Albert Pike") of the Ouachita National Forest in Montgomery County, Arkansas is managed by the U.S. Forest Service through its Caddo-Womble Ranger District Office in Glenwood, Arkansas. It contains some 54 campsites arranged along four separate loop roads, known as Loops A, B, C and D. The Loop D campground was the most recently added of the four and is at the lowest elevation with respect to the Little Missouri River.

7.

The Albert Pike has a long and well-documented history of flooding events dating back to at least 1940. Since 1940, there have been at least ten documented flood events in the years 1940, 1961, 1975, 1982, 1987, 1990, 2001, 2006, 2008, and 2010. There have been 13 flood incident reports evidencing severe weather, flooding and property damage resulting from severe weather between March 27, 2000 and September 2, 2008.

8.

On June 11, 2010, the family of Anthony and Candace Smith and the family of Shane and Kerri Basinger were camping in tents and a camper in the Loop D campground in the Albert Pike. Anthony Keith Smith was accompanied by Joseph and Katelynn, his children by Candace, as well as his son Austin Rachal, a plaintiff herein. Also in the group was Brady Pate, a plaintiff herein, who was a close friend of Austin.

9.

At about 3:00 a.m. on June 11, 2010, the Little Missouri River, where it runs through the Albert Pike, rose roughly three feet to a depth of more than 23 feet, overrunning its banks into the Loop D campground where Austin Rachal and Brady Pate were camping with family and friends. This flooding event was preceded by a rainfall of more than 7 inches overnight.

10.

As water entered the tents where the group was sleeping, Austin and Brady and the others sought refuge in the Smiths' truck. As the rapidly rising waters rose over the sides of the truck, the smallest children were put on the roof of the cab, but all of the group, and even the truck itself, were eventually washed away. Only 5 of the 11 survived the night.

11.

Austin and Brady were each able to grab on to separate trees and survived the night clinging to the trees while the bodies of other victims were washed by and the campground echoed with the cries of other victims. When day broke and the water subsided, Austin and

Brady came down and helped recover the bodies, including that of Austin's half-brother Joseph, and to rescue a woman clinging to a branch with her child in the still swollen river. Six members of the camping group died that night, including Austin's father Anthony Smith and Austin's two half-siblings, Joseph and Katelynn Smith. The last body from their camping group was not recovered until June 14, and was the twentieth and last casualty of the flood found by the combined efforts of search planes, helicopters, and hundreds of volunteers and divers combing the campgrounds and the forest downstream.

12.

The force of the flood waters was so great that vehicles, including the two in Austin and Brady's camping group, were demolished and carried away. Portions of the asphalt road itself was torn from the ground and deposited on top of concrete picnic tables.

13.

Austin Rachal and Brady Pate suffered physical injuries, including cuts and abrasions to their bodies, but suffered more severe psychological and emotional injuries, including post-traumatic stress, nightmares, and insomnia, which have damaged their academic performance in school and caused the need for medical and psychological treatment and counseling, and will affect them for the rest of their lives.

14.

These damages would not have occurred but for the fault of the defendant. The U.S. Forest Service was put on notice well before the flooding incident of the dangers of locating and constructing the Loop D campground within a 100 year flood plain, and even had actual

notice of previous floods in that area. The Review Team Report issued by the U.S. Department of Agriculture after this flood notes that the District Ranger who supervised the construction of the campground had been warned of the danger by a Forest Service soil scientist in 2001.

15.

Both the U.S. Forest Service and the National Weather Service of the National Oceanic and Atmospheric Administration failed to properly maintain the severe weather and flooding warning system within the Albert Pike and failed to correct known communications problems that prevented campers from learning of the imminent danger of flooding at the Loop D campground.

16.

Defendant breached its duty to exercise reasonable care for the safety of the public using the Albert Pike campgrounds in the following, non-exclusive, manner:

A. negligently failing to take appropriate steps to reduce the risk of flooding and to protect the safety of visitors to the Albert Pike in violation of agency directives and executive orders by placing signs and other conspicuous warnings of the highest past flooding levels and probably 100 year flood heights in identified flood hazard areas and in public use areas which have suffered flood damage;

B. negligently failing to place priority on those areas within Albert Pike, such a Loop D, where the probability of rapid rises of water level and flash flooding is greatest, where flood warning time is minimal, or where critical structures and facilities are involved;

C. negligently failing to determine the flood plain elevation for Loop D in violation of Forest Service directives;

D. negligently failing to exercise reasonable care in the proposal, approval, development, design, construction, location and maintenance of Loop D, in violation of Forest Service directives, by acts including:

(1) failing to properly prepare the Environmental Assessment pertaining to the construction of Loop D campsites, and ignoring documentation showing that proposed campsites in Loop D were located in the 100-year flood plain, thus triggering Forest Service directives on building in a flood plain and the requirement of flood warning signage;

(2) failing to comply with the mandate of the National Environmental Protection Act to prepare an Environmental Impact Statement, since Loop D was a major Federal action that significantly affected the quality of the human environment;

(3) the use of improper and unauthorized methods to determine the 100-year flood plain elevation;

(4) failing to design and build Loop D in an alternate location outside the 100-year flood plain, as required by the Land and Resource Management Plan in effect in June of 2010;

      (5)  failing to take notice of dangers that were known or should have been known and to inform the engineers, architects and builders of the flooding risks of locating the Loop D campground in a flood plain; and

      (6)  disregarding recommendations to limit camping in Loop D to primitive camping by not installing electricity, water and sewage hook-ups;

  E.  negligently failing to post flood hazard warning signs and notices or to otherwise warn campers of the dangers of flooding in the area when there was a record of flooding at the Albert Pike, in violation of Forest Service internal directives, including Directive 2527.5 and EM-7100-15 §13.2;

  F.  negligently failing to train employees on the flood hazard sign requirements and other directives concerning flood hazards and mitigation as contained in the Forest Service's manuals;

  G.  negligently failing to properly consider prior flooding incidents during required annual inspections of the Albert Pike which should have put defendant on notice of the need for appropriate signage or other warnings;

  H. negligently failing to properly train volunteer hosts at the Albert Pike in responding to an emergency situation such as flash flooding, and failing to inform these hosts that Loop D is in a flood plain and subject to flooding;

  I.  negligently failing to develop a contingency plan or other mitigation steps to deal with a major flooding event at the Albert Pike, including an adequate warning system to notify campers and advise them where to go or what to do in the event of flooding;

J.  negligently failing to take appropriate steps to monitor and ensure the safety of campers, including failing to evacuate the campers at Loop D in a timely fashion;

K.  negligently failing to repair a broken radio repeater, which resulted in an inability to communicate via radio and the loss of 24-hour dispatch services;

L. negligently failing to correct reported broadcast transmission problems and known communication issues within the Albert Pike, as required for the safety of the campers, including without limitation:

(1)  failing to provide a NOAA/National Weather Service weather radio to the campground volunteer hosts at the Albert Pike to ensure that campers would be alerted of dangerous weather conditions in the area;

(2)  failing to implement alternate means of communication to ensure the safety of the campers and the employees, in view of the topography of the Albert Pike, the malfunctioning radio tower repeaters, and the known lack of cellular reception; and

(3)  failing to correct or repair a fallen broadcasting tower covering the Albert Pike, which would have improved communications within it.

WHEREFORE, on behalf of her minor son NATISHA L. RACHAL on behalf of her minor son TROY AUSTIN RACHAL, and BENJAMIN and JUDY PATE on behalf of their minor son BRADY LYNN PATE  pray that there be judgment herein in their favor and against defendant, United States of America for a reasonable sum in dollars for all of the physical, emotional and psychological injuries and damages and medical and counseling

expenses suffered by Troy Austin Rachal and Brady Lynn Pate, past and future, as well as the loss of love and affection and support caused by the wrongful death of Troy Austin Rachal's father, any punitive or exemplary damages provided by law, together with legal interest from the date of judicial demand until paid, and all costs of this proceeding, as well as all general necessary and equitable relief.

        Respectfully submitted,

        Sam N. Gregorio
        Roy S. Payne
        Julie Payne Johnson
        GREGORIO, GREGORY, PAYNE
          CHAFIN & JOHNSON

        By  /s/ Roy S. Payne
         La. Bar Roll No. 10360
        7600 Fern Ave., Building 700
        Shreveport, La. 71105
        Tel. No. (318) 865-8680
        Fax No. (318) 865-8565
        rpayne@ggp-law.com

        ATTORNEYS FOR PLAINTIFFS